IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 12-0367 |
| COURTENEY L. KNIGHT, : | |
| MICHAEL A. SLADE, JR., : | |
| JOAN WOODS CHALKER : | |

**SURRICK, J.**                                                                                                                                       **JULY 3 , 2013**

## MEMORANDUM

Presently before the Court is Defendant Courteney L. Knight's Motion for a Bill of Particulars (ECF No. 65), Defendant Michael A. Slade, Jr.'s Motion for a Bill of Particulars (ECF No. 68), and Defendant Joan Woods Chalker's Motion for a Bill of Particulars (ECF No. 72). For the following reason, Defendants' Motions will be denied.

## I. BACKGROUND

### A. Procedural History

On January 22, 2013, a federal grand jury returned a sixty-seven count Superseding Indictment against Dorothy June Brown, Joan Woods Chalker, Michael A. Slade, Jr., Courteney L. Knight, and Anthony Smoot. (Superseding Indictment ("Indictment"), ECF No. 47.)[1] These charges arise out of an alleged scheme perpetrated by Brown to defraud three separate charter schools out of over $6.7 million.

Chalker is charged with twenty-five counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts 15-37; 51-52) and seven counts of obstruction of justice, in violation of 18 U.S.C.

---

[1] On March 15, 2013, Anthony Smoot entered a guilty plea to conspiracy to obstruct justice, in violation of 18 U.S.C. § 371 (Count 53), and obstruction of justice, in violation of 18 U.S.C. §1519 (Count 58). (Min. Entry, ECF No. 55.) His sentencing is scheduled for December 3, 2013. (Notice of Hearing, ECF No. 103.)

§ 1519 (Counts 55-57, 65-66) and § 1512(c)(2) (Counts 61-62). All of the Defendants are charged in Count 53 with conspiracy to obstruct justice, in violation of 18 U.S.C. § 371. In addition to the conspiracy charges, Slade and Knight are each charged with two substantive counts of obstruction of justice, in violation of 18 U.S.C. §§ 1519 and 2. (Slade-Counts 59, 64; Knight-Counts 60, 64.)

On March 18, 2013, Defendants, Knight, Slade, and Chalker each filed a Motion for a Bill of Particulars. (Knight's Mot., ECF No. 65; Slade's Mot., ECF No. 68; Chalker's Mot. ECF No. 72.) The Government filed a response to these Motions on April 22, 2013. (Gov't's Resp., ECF No. 93.) Chalker filed a reply in further support of her Motion on May 8, 2013. (Chalker's Reply, ECF No. 97.) Oral argument was held on June 20, 2012. (Min. Entry, ECF No. 107.)

### B. Factual Background

The Indictment alleges that Brown intentionally devised a scheme to defraud three separate charter schools: Agora (Counts 1-14, 38-41); Planet Abacus (Counts 15-37); and Laboratory Charter School (Counts 42-50, 51-52).[2] Brown was the founder of the schools (Counts 1-14 ¶ 1; Counts 15-37 ¶¶ 4, 18) and also the founder of two private educational management organizations: The Cynwyd Group, LLC ("Cynwyd"); and AcademicQuest, LLC ("AcademicQuest") (Counts 1-14 ¶ 2; Counts 15-37 ¶ 26). As part of the scheme to defraud, Brown purportedly fabricated management contracts between the charter schools and the private educational management organizations in order to divert funds from the schools to her own private companies. (Counts 1-14 ¶ 18; Counts 15-37 ¶¶ 26, 28.) To make it appear as though the schools had entered into board-approved contracts, Brown and Chalker allegedly falsified

---

[2] Chalker is also charged with wire fraud in Counts 15 through 37 and Counts 51 through 52. Chalker served as the Chief Executive Officer of Planet Abacus. (Counts 15-37 ¶ 22.)

2

various board meeting minutes and resolutions to reflect that the board had voted and approved the contracts. (Counts 1-14 ¶ 20; Counts 15-37 ¶¶ 30, 32, 34, 38-39.)

In addition, Brown and Chalker are charged with misappropriating funds intended for use by the charter schools and directing those funds to be paid to themselves or others. (Counts 38-41 ¶ 8; Counts 42-50 ¶ 5; Counts 51-52 ¶ 4.)[3] All told, the scheme defrauded the schools and their sources of public funding out of over $6.7 million.

In Count 53 it is alleged that Defendants conspired to obstruct justice by "altering, destroying and falsifying records, and engag[ing] in various overt acts in furtherance of the conspiracy" in violation of 18 U.S.C. §§ 1512(b)(3), 1512(c)(2) and 1519. (Count 53 ¶ 3.) As part of the conspiracy, Defendants allegedly fabricated various contracts, board meeting minutes, and other documents in an effort to conceal the scheme to defraud perpetrated by Brown and others. (*Id.* at ¶¶ 4-31.) The Indictment further alleges ten substantive counts of obstruction of justice.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Criminal Procedure 7(f) governs a defendant's request for a bill of particulars and provides that:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

"The purpose of a bill of particulars is to 'inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense.'" *United*

---

[3] Chalker is not charged in Counts 38 to 41 or Counts 42 to 50.

3

*States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005) (quoting *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1971)); *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985) (concluding that a bill of particulars is "intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation") (emphasis in original). The Third Circuit has observed that "[o]nly where an indictment fails to perform these functions" will a bill of particulars be warranted. *Urban*, 404 F.3d at 771-72; *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989) ("[M]otions for a bill of particulars should be granted whenever an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial.").

The bill of particulars is not meant "to provide the defendant with the fruits of the government's case." *Smith*, 776 F.2d at 1111. It cannot be used as a "wholesale discovery tool." *United States v. Manfredi*, 628 F. Supp. 2d 608, 634 (W.D. Pa. 2009) (citing *Addonizio*, 451 F.2d at 64); *United States v. Grasso*, 173 F. Supp. 2d 353, 366 (E.D. Pa. 2001) ("[T]he court will not order the Government to answer a set of detailed interrogatories in the guise of a bill of particulars.") (internal quotation marks omitted).

An indictment charging a statutory crime is deemed sufficient so long as it "substantially follows the language of the criminal statute, provided that its generality does not prejudice a defendant in preparing his defense nor endanger his constitutional guarantee against double jeopardy." *United States v. Eufrasio*, 935 F.2d 553, 575 (3d Cir. 1991). A detailed indictment supplemented with extensive discovery, weakens, if not obviates, the need for a bill of particulars. *Urban*, 404 F.3d at 772 (citing *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) ("Full discovery . . . obviates the need for a bill of particulars.")).

The decision to grant a bill of particulars is left to the sound discretion of the trial court. *United States v. Armocida*, 515 F.2d 49, 54 (3d Cir. 1975). In deciding these motions the court must "balance between the defendant's legitimate interest in securing information concerning the government's case and numerous countervailing considerations . . . [including] the unfairness that can result from forcing the government to commit itself to a specific version of the facts before it is in a position to do so." *Rosa*, 891 F.2d at 1066.

B.  **Motions for a Bill of Particulars**

Each Defendant makes several requests for specific information regarding the charges alleged in the Indictment. We will address each of their requests in turn.

As an initial matter, the Government and Defendants agree that the discovery produced by the Government in this matter has been substantial. (*See* Chalker Mem. 1; Slade Mem. 1-2; June 20, 2013 Hr'g Tr. (on file with Court); *see also* Min. Entry, ECF No. 107.) Indeed, Defendants argue that it is the sheer number of documents produced in this case which necessitates a bill of particulars. (Chalker Mem. 1.) While culling through the documents and data may prove time consuming and tedious, trial of this case is months away. The amount of discovery provided by the Government here substantially weakens Defendants' case for a bill of particulars. *Urban*, 404 F.3d at 772; *United States v. Danton*, No. 95-635, 1996 WL 729848, at *5 (E.D. Pa. Dec. 11, 1996) (denying motion seeking bill of particulars where the Government provided full discovery and the defendant did not dispute that assertion); *Grasso*, 173 F. Supp. 2d at 367 (denying request for bill of particulars where government had provided extensive discovery). We understand the "difficulty the defense [may have] in attempting to pull a probative needle or two out of the many large proverbial haystacks which the government has made available." *Grasso*, 173 F. Supp. 2d. at 367. However, a bill of particulars is only

5

warranted if the lack of information impedes the defendant's ability to prepare for trial or if prejudicial surprise will result without further specificity. We are satisfied that the detailed and exhaustive nature of the seventy-four page Indictment, coupled with the considerable discovery produced by the Government, provides sufficient detail to allow Defendants to prepare for trial and will not lead to prejudicial surprise.

Turning to the specific requests, Chalker asks that the Government identify if she is a co-conspirator in the other fraudulent schemes in which she is not charged and to identify whether or not she is alleged to be operating under a conflict of interest or whether she violated the Planet Abacus Charter or Pennsylvania Charter School Law. (Chalker's Mot. ¶¶ 1, 4.) The Indictment explicitly states who is being charged in each count and what they are being charged with. The Indictment does not allege that Defendants were operating under a conflict of interest. Rather, it alleges that Defendants misappropriated funds from various charter schools. Moreover, the Indictment only charges one count of conspiracy, and Chalker is named as a co-conspirator in that count. If she were a co-conspirator in any other count, the Indictment would indicate such. The information requested by Chalker is not necessary for her to prepare her defense.

Chalker also requests the identity of any unindicted co-conspirator in any of the counts. (*Id*. at ¶ 2.) It is well settled that courts are "'highly reluctant to require a bill of particulars when defendants have asked for specific identities of coconspirators . . . .'" *United States v. Sampson*, No. 11–155, 2012 WL 214707, at *2 (M.D. Pa. Jan. 24, 2012) (quoting *United States v. Coffey,* 361 F. Supp. 2d 102, 122 (E.D.N.Y.2005)); *see also United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) ("[T]he Government is not required to furnish the name of all other co-conspirators in a bill of particulars."); *United States v. Ligambi*, No. 09-496, 2012 WL 2362638, at *4 (E.D. Pa. June 21, 2012) (stating same). Moreover, the discovery provided in this case

allows Defendants to conduct their own investigation into the identities of the co-conspirators as the Government has provided Defendants with a list of all the unnamed persons and identities referenced in the Indictment. (Gov't's Resp. 10 n.2.)

Chalker further requests that the Government identify the specific material deceptions made by any Defendant in wire fraud Counts 15-37 and 51-52. (Chalker's Mot. ¶ 3.) Counts 15-37 and 51-52 are replete with specific allegations of fraudulent representations made by both Brown and Chalker. (*See* Counts 15-37 ¶¶ 27, 28, 30-34, 38-46; Counts 51-52 ¶¶ 6-8.) These representations can be characterized as material, and are sufficient to allow Chalker to prepare for trial. *See United States v. Wecht*, No. 06-0026, 2007 WL 3125096, at *5 (W.D. Pa. Oct. 24, 2007) ("[F]ailure of an indictment to allege materiality as an explicit element is not fatal to the indictment.") (citing *United States v. White*, No. 04-370, 2004 WL 2612017, at *12 (E.D. Pa. Oct. 29, 2004)); *United States v. Stewart*, 151 F. Supp. 2d 572, 584 (E.D. Pa. 2001) ("[T]he superseding indictment identifies misrepresentations that can only be characterized as material even though the word 'material' is not used.").

Chalker asks that the Government identify specific acts of obstructive conduct, beyond what is alleged in the Indictment. (Chalker's Mot. ¶ 5.) Chalker, Knight, and Slade also request information evidencing how their allegedly obstructive conduct was intended to impede or influence the grand jury or any investigation. (*Id.* at ¶ 7; Knight's Mot. ¶¶ 5(a)(ii), 6(a)(i); Slade's Mot. ¶¶ 6(a)(i), 7(a)(v).) It bears noting that the overt acts alleged as part of the conspiracy, as well as the substantive counts of obstruction, specifically set forth which documents Defendants allegedly falsified and fabricated. To the extent that Chalker, or her co-Defendants, are requesting information regarding obstructive conduct *beyond* what is alleged in the Indictment, they are not entitled to such information. *See United States v. Vastola*, 670 F.

7

Supp. 1244, 1270 (D.N.J. 1987) (citing *Armocida*, 515 F.2d at 55) (denying in part the defendants' request for a bill of particulars because "[t]he government is not obligated to provide uncharged overt acts and uncharged criminal conduct"). Moreover, the Government need not provide specifics on how the obstructive conduct was intended to impede the grand jury or any investigation. Defendant's request is tantamount to demanding that the Government reveal a "detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial," neither of which is properly within the purview of a bill of particulars. *United States v. Della Donna*, 552 F. Supp. 2d 475, 498 (D.N.J. 2008). Reading the Indictment as a whole, Defendants can reasonably infer how their allegedly obstructive conduct impeded the grand jury or an investigation into their activities.

Defendants Slade and Knight also make several requests with respect to Count 64, the substantive obstruction charge accusing them of altering a Laboratory Board Resolution lending up to $100,000 to Agora for use in the 2005-2006 school year. Defendants ask that the Government identify the resolution by its bate stamp number, as well as when the resolution was presented to Laboratory Charter School, who presented it, where it was maintained in the school records, and what investigation the Defendants impeded. (Slade's Mot. ¶ 7; Knight's Mot. ¶ 6.) Again, Defendants do not need such specificity to prepare their defense. Not only does the allegation track the language of the statute, it provides the time frame for the alleged obstructive activity (April 6 and April 8, 2010), and the investigations of the agencies Defendants intended to obstruct (Federal Bureau of Investigation, Department of Education, and Office of Inspector General). *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007) ("[N]o greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense . . . ."). Moreover, the allegation identifies the general

content of the fabricated resolution. The information provided by the Government in the Indictment, and through discovery, is more than sufficient "to permit the defendant to conduct his *own* investigation" regarding the resolution. *See Smith*, 776 F. 2d at 1111 (emphasis in original).

The remaining requests concern specific information regarding the conspiracy charged in Count 53. Chalker, Slade, and Knight ask the Government to identify the "others" referred to in Count 53, as well as which documents were fabricated, the dates and times of any meetings, and who was present at those meetings. (Chalker's Mot. ¶ 6; Slade's Mot. ¶ 5; Knight's Mot. ¶ 4.) It is firmly established that such detailed information about the alleged conspiracy need not be alleged in the Indictment. *United States v. Boffa*, 513 F. Supp. 444, 485 (D. Del. 1980) ("[N]or is it necessary for the Government to disclose in a bill of particulars the precise details that a defendant and his alleged co-conspirators played in forming and executing a conspiracy or all the overt acts the Government will prove in establishing the conspiracy."); *United States v. Booth*, No. 99-378, 1999 WL 1192317, at *9 (S.D.N.Y. Dec. 14, 1999) ("As a general rule, the defendant does not 'need' detailed evidence about the conspiracy in order to prepare for trial properly."); *see also United States v. Werme*, No. 89-132, 1989 WL 157143, at *4 (E.D. Pa. Dec. 27, 1989) ("Information as to exact times or dates of meetings with respect to an alleged conspiracy is purely evidentiary material which is not available as part of a bill of particulars.")

In any event, the Indictment lists eighteen overt acts and identifies what documents were allegedly falsified, when those documents were falsified, and who allegedly falsified them. *See United States v. Payden*, 613 F. Supp. 800, 817 (S.D.N.Y. 1985) (denying request for bill of particulars pertaining to conspiracy charge, because the need for a bill of particulars was especially lacking when the indictment alleged nine overt acts in furtherance of the conspiracy).

The Indictment, and the substantial discovery provided in this case provide Defendants with more than enough information to adequately prepare for trial.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motions for a Bill of Particulars will be denied. An appropriate Order follows.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**