IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 12-0367 |
| | : | |
| JOAN WOODS CHALKER | : | |

SURRICK, J.                                                                                  AUGUST  28 , 2013

## MEMORANDUM

Presently before the Court is Defendant Joan Woods Chalker's Motion to Sever (ECF No. 127). For the following reasons, Defendant's Motion will be denied.

## I. BACKGROUND[1]

On January 22, 2013, a federal grand jury returned a sixty-seven count Superseding Indictment against Dorothy June Brown, Joan Woods Chalker, Michael A. Slade, Jr., Courteney L. Knight, and Anthony Smoot. (Superseding Indictment ("Indictment"), ECF No. 47.)[2] These charges arise out of an alleged scheme perpetrated by Brown to defraud three separate charter schools out of over $6.7 million.

---

[1] In addressing Defendant's Motion, we accept as true the factual allegations set forth in the Indictment. *See United States v. Liss*, 265 F.3d 1220, 1228 (11th Cir. 2001) (noting that "[t]he propriety of joinder 'is to be determined before trial by examining the allegations contained in the indictment'") (citation omitted); *United States v. Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985) ("The propriety of joinder under Rule 8 is determined by the initial allegations of the indictment, which are accepted as true absent arguments of prosecutorial misconduct." (citing *Schaffer v. United States*, 362 U.S. 511, 513 (1960))); *see also United States v. Heilman*, 377 F. App'x 157, 202 (3d Cir. 2010) (noting that inquiry into propriety of joinder of offenses "focuses on the face of the indictment" (citing *United States v. Irizarry*, 341 F.3d 273, 287 (3d Cir. 2003))).

[2] On March 15, 2013, Anthony Smoot entered a guilty plea to conspiracy to obstruct justice, in violation of 18 U.S.C. § 371 (Count 53), and obstruction of justice, in violation of 18 U.S.C. § 1519 and § 2 (Count 58). (Min. Entry, ECF No. 55.) His sentencing is scheduled for December 3, 2013. (Notice of Hearing, ECF No. 103.)

The first fifty-two counts of the Indictment charge Brown and Defendant with wire fraud in connection with the scheme to defraud the charter schools. Specifically, Brown is charged in Counts 1 through 14, and Counts 38 through 41 with defrauding Agora Cyber Charter School ("Agora"), and in Counts 42 through 50 of defrauding Laboratory Charter School of Communication and Languages ("Laboratory").[3]

In Counts 15 through 37, Brown and Defendant are both charged with devising a scheme to defraud Planet Abacus.[4] From June 2007 through April 2011, Brown and Defendant allegedly used AcademicQuest LLC ("AcademicQuest"), a private educational management organization owned and operated by Brown, to defraud Planet Abacus out of approximately $705,561.62. (Counts 15-37 ¶¶ 25-26.) In order to obtain these funds, Brown falsely represented that the Planet Abacus Board of Trustees had entered into a management contract with Planet Abacus. (*Id*. at ¶ 27.) In reality, the Board had never approved a contract between Planet Abacus and AcademicQuest. (*Id.*) In order to perpetuate the scheme, Brown, Defendant, and others created fraudulent management contracts, board resolutions, and board meeting minutes. (*Id.* at ¶ 28-30.)

In addition, Brown and Defendant are charged in Counts 51 through 52 with devising a scheme to defraud Laboratory Charter School and the School District of Philadelphia.[5] From April 2009 through May 2009, Brown and Defendant misappropriated approximately $214,095.34 from funds belonging to Laboratory, under the false pretenses that Brown and

---

[3] Brown was the founder of five different charter schools including Agora, Laboratory, and Planet Abacus Charter School ("Planet Abacus"). (Counts 1-14 ¶ 1; Counts 15-37 ¶¶ 4-16.)

[4] Defendant served as the Chief Executive Officer ("CEO") of Planet Abacus. (Counts 15-37 ¶ 22.)

[5] Brown served as the CEO of Laboratory from 1998 through October 2008. (Counts 15-37 ¶ 4.) Brown hired Defendant as an employee of Laboratory in 1998. (*Id*. at ¶ 7.)

Defendant were owed money based on accumulated vacation and sick days. (Counts 51-52 ¶¶ 3-4.) In reality, neither Brown nor Defendant were entitled to those funds. (*Id.* at ¶ 4.) In order to conceal the fraud, Brown and Defendant fabricated documents regarding Laboratory's leave policies making it appear as though they were entitled to the money. (*Id.* at ¶ 6.)

All of Defendants are charged in Count 53 with conspiracy to obstruct justice, in violation of 18 U.S.C. § 371. In addition, Brown is charged in ten substantive counts of obstruction of justice, in violation of 18 U.S.C. § 1512(c)(2) (Counts 61-62) and 18 U.S.C. § 1519 (Counts 54-59, 63, 65), and one count of witness tampering, in violation of 18 U.S.C § 1512(b)(3) (Count 67). Defendant is charged in seven substantive counts of obstruction of justice, in violation of 18 U.S.C § 1512(c)(2) (Counts 61-62) and 18 U.S.C. § 1519 (Counts 55-57, 65-66).

On July 29, 2013, Defendant filed a Motion to Sever. (Def.'s Mot., ECF No. 127.) The Government filed its response on August 13, 2013. (Gov't's Resp., ECF No. 131.)

## II. LEGAL STANDARD

### A. Federal Rule of Criminal Procedure 8

"Federal Rule of Criminal Procedure 8 governs joinder of offenses and joinder of defendants." *Irizarry*, 341 F.3d at 287. Rule 8 provides in relevant part:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8.

The Third Circuit has determined that Rule 8(a) "'applies only to prosecutions involving a single defendant' and that in a multi-defendant case . . . 'the tests for joinder of counts and defendants is merged in Rule 8(b).'" *Irizarry*, 341 F.3d at 287 (quoting *United States v. Somers*, 496 F.2d 723, 729 n.8 (3d Cir. 1974)). Rule 8(b) is "less permissive" than Rule (8)(a). *United States v. Eufrasio*, 935 F.2d 553, 570 (3d Cir. 1991); *see also United States v. Jimenez*, 513 F.3d 62, 82 (3d Cir. 2008) (noting that "joinder of defendants under Rule 8(b) is a stricter standard than joinder of counts against a single defendant under Rule 8(a)"). We analyze Defendant's joinder challenges under the less permissive Rule 8(b) standard.

In construing Rule 8(b), the Third Circuit has followed the Supreme Court in recognizing the "fundamental principle that the federal system prefers 'joint trials of defendants who are indicted together [ ]' because joint trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *United States v. Urban*, 404 F.3d 754, 775 (3d Cir. 2005) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (alteration in original)). This is particularly true in cases in which defendants have been charged with engaging in a conspiracy. The Third Circuit has stated that Rule 8(b)

> permits joinder of defendants charged with participating in the same . . . conspiracy, even when different defendants are charged with different acts, so long as indictments indicate all the acts charged against each joined defendant (even separately charged substantive counts) are charged as . . . acts undertaken in furtherance of, or in association with, a commonly charged . . . conspiracy.

*See Eufrasio*, 935 F.2d at 567 (citing *United States v. Dickens*, 695 F.2d 765, 778-79 (3d Cir. 1982)). "[J]oinder . . . of a conspiracy count and substantive counts arising out of the conspiracy [is permitted], since the claim of conspiracy provides a common link, and demonstrates the existence of a common scheme or plan." *Id.* (quoting *Somers*, 496 F.2d at 729-30 (internal quotation marks omitted). Indeed, the Third Circuit has recognized that co-conspirators should

4

"ordinarily be tried together for purposes of judicial efficiency and consistency, even if the evidence against one is more damaging than that against another." *United States v. Ward*, 793 F.3d 551, 556 (3d Cir. 1986).

In addition, the Government may properly join multiple offenses in a single indictment if they "arise out of a common series of acts or transactions." *Eufrasio*, 935 F.2d at 570 n.20. The Third Circuit has observed that both Rule 8(a) and 8(b) require a "transactional nexus" between the offenses to be joined. *Id.* The movant carries the burden of establishing improper joinder of offenses. *United States v. Avila*, 610 F. Supp. 2d 391, 394 (M.D. Pa. 2009).

### B. Federal Rule of Criminal Procedure 14

Even if joinder is proper under Rule 8(b), a district court may order a severance under Federal Rule of Criminal Procedure 14 if the potential prejudice to a defendant outweighs the expense and time of separate trials that essentially retry the same issue. *See Zafiro*, 506 U.S. at 539; *see also United States v. Joshua*, 976 F.2d 844, 847 (3d Cir. 1992), *abrogated on other grounds by*, *Stinson v. United States*, 508 U.S. 36 (1993) ("Severance decisions under Rule 14 require the district court to weigh the potential for prejudice to the defendant from joinder against the conservation of judicial resources that joinder will occasion."). Rule 14 states, in relevant part:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

Defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials or because the evidence is different as to each defendant. *Eufrasio*, 935 F.2d at 568. A severance under Rule 14 should only be granted "if there is a serious risk that

a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. To prevail on a Rule 14 motion, a defendant has a "heavy burden," *United States v. Quintero*, 38 F.3d 1317, 1343 (3d Cir. 1994), and must "'pinpoint clear and substantial prejudice resulting in an unfair trial.'" *United States v. Riley*, 621 F.3d 312, 335 (3d Cir. 2010) (quoting *United States v. McGlory*, 968 F.2d 309, 340 (3d Cir. 1992)).

The question of prejudice hinges on "whether the jury will be able to 'compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility.'" *United States v. Davis*, 397 F.3d 173, 182 (3d Cir. 2005) (quoting *Somers*, 496 F.2d at 730). Where additional charges against a single defendant are "relatively straightforward and discrete . . . we do not doubt that the jury reasonably [can] [be] expected to compartmentalize the evidence . . . ." *United States v. Lore*, 430 F.3d 190, 205 (3d Cir. 2005).

"The decision to sever a trial is left to the sound discretion of the District Court." *United States v. Ginyard*, 65 F. App'x 837, 838 (3d Cir. 2003) ("Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."(citing *Zafiro*, 506 U.S. at 538-39)); *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981) ("Motions for severance rest in the sound discretion of the trial judge, whose determination should not be disturbed in the absence of an abuse of discretion.")); *United States v. Albowitz*, 380 F. Supp. 553, 555 (E.D. Pa. 1974) (stating same).

## III. DISCUSSION

Defendant argues that Counts 15 through 37 and Counts 51 through 52 were improperly joined, and that in the event that these counts are tried together she will suffer unfair and irreparable prejudice. Defendant further requests that her trial be severed from that of her co-

6

Defendant Brown. She claims that prejudice will result from a joint trial because (1) Defendant will not be able to avail herself of Brown's exculpatory testimony, (2) there is a risk that Defendant will present antagonistic or irreconcilable defenses, and (3) there is the possibility of the spillover of prejudicial evidence against Brown.

### A. Improper Joinder of Counts 15 through 37 and Counts 51 through 52

Defendant contends that Counts 15 through 37, the Planet Abacus wire fraud charges, and Counts 51 through 52, the Laboratory wire fraud charges, are improperly joined. Defendant claims that the charges "allege fundamentally different schemes without any factual connection" and do not arise from the "same transaction or same series of acts or transactions." (Def.'s Mot. 5, 7.)

As an initial matter we note that Rule 8(b) is "construed liberally in favor of initial joinder." *United States v. Brown*, No. 02-146, 2002 WL 32739530, at *3 (M.D. Pa. Dec. 17, 2002) (quoting *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995)); *see also United States v. Mitan*, No. 08-760, 2009 WL 2328870, at *2 (E.D. Pa. July 28, 2009) ("[C]ourts tend to allow liberal joinder of offenses."); *United States v. Kemp*, No. 04-370, 2004 WL 2757867, at *3 (E.D. Pa. Dec. 2, 2004) ("As the case law indicates, courts allow very liberal joinder of charges and defendants.")). Indeed, "[a]ny reference to a connection between charges will generally suffice for the purposes of sustaining joinder." *Kemp*, 2004 WL 2757867, at *3.

Here, the basic premise of the wire fraud charges are strikingly similar. Brown and her co-Defendants misappropriated funds from charter schools by creating a variety of fraudulent documents. In both Counts 15 through 37 and 51 through 52, Brown and Defendant misappropriated funds from schools founded and operated by Brown. In both schemes, the schools and the sources of public funding for those schools were the victims. Both fraudulent

7

schemes relied on Brown's and Defendant's positions of power within the charter schools' structure to illicitly obtain funds to which they were otherwise not entitled. The schemes were executed by forging and fabricating various contracts and school records. Finally, the charges overlap temporally— June 2007 through April 2011 for Counts 15 through 37, and April through May 2009 for Counts 51 through 52. Each scheme was a part of a series of transactions to defraud the charter schools and their sources of public funding. We are satisfied that there is a sufficient transactional nexus between the offenses and therefore these counts are properly joined.

Defendant also argues that absent severance of these charges, substantial prejudice will result. She contends that there is a substantial risk that the jury would be unable to effectively segregate Defendant's alleged fraudulent activity with respect to Counts 15 through 37, and the fraudulent activity charged in Counts 51 through 52. (Def.'s Mot. 9.)

Defendant's argument is unavailing. The issue of prejudice is based on "whether the jury will be able to 'compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility.'" *Davis*, 397 F.3d at 182 (quoting *Somers*, 496 F.2d at 730). The wire fraud charges at issue are relatively straightforward and not overly complex. The jury will be instructed to consider the evidence separately as to each defendant and each count. We presume that the jurors will follow these instructions. *Zafiro*, 506 U.S. at 540 ("[J]uries are presumed to follow their instructions."). Defendant has failed to provide any reason why a jury could not reasonably be expected to compartmentalize the evidence as it relates to the separate wire fraud charges.

### B. Exculpatory Evidence

Defendant maintains that if her trial were severed from Brown's, it would be more likely that Brown would testify at Defendant's trial and provide exculpatory testimony. (Def.'s Mot 11-12.) In evaluating requests for severance based on the need for exculpatory evidence, the Court must consider the following four factors: (1) "the likelihood of [a] co-defendant[] testifying; (2) the degree to which such testimony would be exculpatory; (3) the degree to which the testifying co-defendants could be impeached; [and] (4) judicial economy." *Davis*, 397 F.3d at 182-83 (3d Cir. 2005). The Third Circuit has recognized that "a defendant's claim that [her] co-defendants would testify on [her] behalf must be supported by the record, and the record must show more than simply the defendant's 'request for declaration of [her co-defendants'] intent to testify.'" *Id.* at 183 (quoting *United States v. Gonzalez*, 918 F.2d 1129, 1137 (3d Cir. 1990)).

Defendant has failed to establish that Brown would likely testify on her behalf. Defendant merely speculates that if the trials were severed there is a better chance that Brown would testify. Such conclusory assertions are insufficient to warrant severance. *Davis*, 397 F.3d at 182 ("Bare assertions that co-defendants will testify are insufficient' to warrant separate trials.") (internal quotation marks omitted). Defendant has stated that she would call Brown as a witness, but has made no showing with respect to Brown's willingness to testify. Defendant has not supported her assertion with an affidavit from Brown or pointed to anything from the record that would indicate that Brown is likely to testify on her behalf in a severed trial. Accordingly, we reject the request to sever the trials based on the mere speculation that Brown would testify on Defendant's behalf.

### C. Mutually Irreconcilable Defenses

Defendant argues that her efforts to demonstrate that she did not know of Brown's illicit activities will result in antagonistic or mutually irreconcilable defenses. She claims that as part of her defense she will deny any knowledge of Brown's fraudulent schemes, and to the extent that she herself engaged in any illegal behavior, it was at the direction of Brown. (Def.'s Mot. 16-17.)

Mutually antagonistic defenses exist when "acquittal of one codefendant would necessarily call for the conviction of the other." *United States v. Voigt*, 89 F.3d 1050, 1094 (3d Cir. 1996). In considering whether mutually antagonistic defenses exist such that severance may be necessary, "the court must ascertain whether the jury could reasonably construct a sequence of events that accommodates the essence of all [the defendants'] defenses." *Id*. (internal quotation marks omitted). Courts rarely have found the existence of mutually antagonistic defenses. *Id*. Rather, courts are more inclined to conclude that while defenses may be in conflict with one another, they "are not so irreconcilable that the jury could not have been able to assess the guilt or innocence of the defendants on an individual and independent basis." *Id*. at 1095 (internal quotation marks omitted). Even if the defendant establishes the existence of mutually antagonistic defenses, severance is not considered mandatory. *Id*.

We are satisfied that Defendant has failed to demonstrate the risk of mutually irreconcilable defenses. The fact that Defendant may have acted on the orders of Brown does not necessitate severance. Indeed, the Third Circuit has recognized that "finger pointing and blame-shifting among coconspirators do not support a finding of mutually antagonistic defenses." *Id.*

In addition, the fact that Defendant may have lacked knowledge of all of Brown's illegal dealings does not warrant severance. Different levels of culpability among defendants does not warrant severance. *United States v. Solomon*, No. 05-385, 2007 WL 1228029, at *6-7 (W.D. Pa. Apr. 25, 2007) (holding that severance was not mandatory where the defendants claimed different degrees of culpability and any potential prejudice could be cured by appropriately tailored jury instructions). In any event, limiting instructions will remedy any potential prejudice that may result from the presentation of antagonistic defenses. *See Voigt*, 89 F.3d at 1096 (concluding that limiting instructions "were sufficient to cure any potential prejudice from antagonistic defenses"). Defendant has failed to identify clear and substantial prejudice resulting from the presentation of mutually irreconcilable defenses.

**D.     Spillover Effect**

Defendant claims that she will be prejudiced by the spillover of evidence introduced to prove the charges against Brown where she herself is not charged. (Def.'s Mot. 18.) However, the fact that Brown is charged with separate, additional offenses is not a sufficient ground for severance. The Third Circuit decision in *United States v. Lore* is instructive. In *Lore*, the court upheld the district court's denial of severance, stating that "[w]e see no reason why, in a joint trial of defendants charged with participating in a conspiracy, the fact that the grand jury charged one defendant separately with an additional criminal act somehow would interfere with the petite jury's ability to consider the evidence against each defendant on each count separately." 430 F.3d 190, 205 (3d Cir. 2005) (citing *United States v. Sandini*, 888 F.2d 300, 307 (3d Cir. 1989)). The court noted that the evidence related to the additional charge underlying the defendant's claim of prejudice was "relatively straightforward and discrete, not involving overly technical or scientific issues." *Id.*

11

Here, the additional wire fraud and witness tampering charges against Brown are relatively straightforward and certainly involve no technical or scientific issues. The witness tampering count relates to a single incident where Brown allegedly asked an individual to lie to law enforcement officials with respect to the alleged wire fraud at issue. While the additional allegations of wire fraud may be lengthy, they do not involve overly complex or technical issues.

Moreover, the Third Circuit has long recognized that "[p]rejudice should not be found in a joint trial just because all evidence adduced is not germane to all counts against each defendant or some evidence adduced is more damaging to one defendant than others." *United States v. Console*, 13 F.3d 641, 655 (3d Cir. 1993). The jury will be instructed to consider the evidence against each Defendant on each count separately. We presume that the jurors will be capable of following these instructions. *Zafiro,* 506 U.S. at 540. Defendant has failed to demonstrate that a jury would be incapable of compartmentalizing the evidence as it relates to the additional wire fraud and witness tampering charges.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Sever must be denied.

An appropriate Order follows.

**BY THE COURT:**

**R. BARCLAY SURRICK, J.**